10-1776-cv
Diello v. Potter

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                Chief Judge,
      PIERRE N. LEVAL,
      REENA RAGGI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
NANCY DIELLO,

      Plaintiff-Appellant,

      -v.-                      10-1776-cv

JOHN E. POTTER, Postmaster General, and UNITED STATES POSTAL SERVICE,

      Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**     LUCIANO L. LAMA, Ithaca, NY.

**FOR APPELLEES:**     JANE B. WOLFE, Assistant United States
                      Attorney, for William J. Hochul, Jr.,
                      United States Attorney for the Western
                      District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Nancy Diello appeals from the judgment entered on March 17, 2010 by the United States District Court for the Western District of New York (Larimer, <u>J.</u>), which granted appellees' motion for summary judgment on Diello's age discrimination and retaliation claims, brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 623(a), 626(d)(1), and Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(g), respectively. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A grant of summary judgment is reviewed <u>de novo</u>, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

[1] It is conceded that Diello has established a <u>prima facie</u> case of age discrimination under the ADEA. The burden therefore shifts to the appellees to provide some "legitimate, nondiscriminatory reason" for selecting Mr. King over Ms. Diello. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 106 (2d Cir. 2010). The appellees sustained their burden: Ms. Diello received multiple unfavorable reviews from past supervisors (including the primary decisionmaker for the promotion at issue); Mr. King was favorably reviewed; and Mr. King outperformed Ms. Diello in the interview for the position. Because these explanations are "reasonably attributable to an honest even though partially subjective evaluation of . . . qualifications, no inference of discrimination can be drawn." <u>Byrnie v. Town of Cromwell, Bd. of Educ.</u>, 243 F.3d

93, 105 (2d Cir. 2001) (quoting Lieberman v. Gant, 630 F.2d 60, 67 (2d Cir. 1980)).  Accordingly, "the presumption of age discrimination dissolves, and the burden shifts back to the plaintiff to prove that the employer's stated reasons are merely pretextual."  Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001).

Diello fails to establish that appellees' reasons are pretextual.  She challenges one review based on its brevity; but there is no threshold length for a non-pretextual review.  Another is challenged on the ground that the reviewer supervised Ms. Diello for only six months; but that is a period sufficient to familiarize oneself with a subordinate's performance for an informed review.  Diello contends that she is better qualified and more experienced than King; but "[w]hen a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination."  Byrnie, 243 F.3d at 103.  This she has not done.[*]

Had Diello provided compelling evidence of a pattern of promotions of younger employees over older employees, her pretext allegation might be plausible.  See Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 108-09, 113 (2d Cir. 1992).  Instead, she offered an unauthenticated (and presumably self-created) chart, which lacked necessary details such as the number of promotions, the promotion criteria, or information about non-promoted employees.  But a motion for summary judgment may not be defeated "by offering purely conclusory allegations of discrimination, absent any concrete particulars."  Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).

---

[*] Diello was longer tenured than King; but she makes no argument--and cites no source suggesting--that seniority is a dispositive (or disproportionately weighted) factor in Postal Service promotion decisions.  She offers no evidence that King's performance evaluations were inferior to hers.  Accordingly, the discrepancy in qualifications, if any, does not "bear the burden" of showing pretext that masked unlawful discrimination.

**[2]** Diello claims that she was not promoted in retaliation for prior complaints she filed with the Equal Employment Opportunity Commission (EEOC). A prima facie case of retaliation under Title VII requires a showing of: (1) "participation in a protected activity known to the defendant"; (2) "an employment action disadvantaging the plaintiff"; and (3) "a causal connection between the protected activity and the adverse employment action." Richardson v. Comm'n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008) (internal quotation marks omitted).

Diello fails to show the requisite "causal connection" for her claim. She offers no evidence, direct or indirect, save for alleging that at least one decisionmaker knew of her prior EEOC activities. The seven-year lag between Diello's previous EEOC complaint and the promotion decision--over four times longer than the twenty-month period that was deemed insufficient in Clark County School District v. Breeden, 532 U.S. 268, 273 (2001)--prevents Diello from establishing a prima facie case of retaliation. (Any inference of retaliation is further weakened because Diello was promoted at least once during the seven-year period.)

We have considered all of Diello's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4